

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys at Law*

1745 Broadway, 22nd Floor
New York, New York 10019
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletreedeakins.com

Brian J. Gershengorn
212.492.2503
brian.gershengorn@ogletreedeakins.com

February 18, 2015

<u>**VIA ECF**</u>
The Honorable A. Kathleen Tomlinson
United States District Court for
The Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722

      RE:   Krumholz, et al. v. Associated Materials, LLC, *et al.*
             U.S.D.C., E.D.N.Y. 14-CV-5371 (JS) (AKT)

Dear Judge Tomlinson:

      We represent Defendant Associated Materials, LLC[1] ("Defendant"). On February 6, 2015, the Court held an Initial Conference (the "Conference"). During the Conference, Defendant requested a schedule to brief whether an individual's participation in the Department of Labor ("DOL") settlement with Defendant precluded such individuals from participating in a subsequent collective action. Resolution of this issue at this juncture has the potential to limit the potential opt-ins from 302 to 10. On February 11, 2015, the Court issued a scheduling order providing a timeline for Defendant to brief this issue. The scheduling order did not include a timeline for Plaintiffs to move for conditional class certification. On February 16, 2015, Plaintiffs nevertheless moved for conditional class certification of a collective action (the "Motion for Conditional Certification") under Section 216(b) of the Fair Labor Standards Act ("FLSA"). In their haste to file their Motion for Conditional Certification, Plaintiffs ignore the legal implications of the DOL settlement, and their Motion for Conditional Certification contains inconsistent descriptions of the scope of the putative class, and a time frame that far exceeds anything available under the FLSA. Defendant respectfully requests an expedited conference with the Court to address the timeline for briefing the DOL issues, Plaintiffs' Motion for Conditional Certification and to refine the scope of the putative class. Resolution of these issues at this juncture is in the best interest of judicial economy.

      1.    There is a conflict between the Complaint and the Motion for Conditional Certification as to whether Plaintiffs seek to certify a nationwide collective action, or one limited to New York employees. The collective action allegations in the Complaint (ECF Doc. 1, ¶¶ 44-

---

[1] Associated Materials, Inc. does business as Alside, Inc. and Alside Supply Center.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver
Detroit Metro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis
Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh
Portland ▪ Raleigh ▪ Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

The Honorable A. Kathleen Tomlinson
February 18, 2015
Page 2 of 4

50) and Count I of the Complaint (FLSA) contain no geographic limitation. However, Plaintiffs' Memorandum in Support of their Motion for Conditional Certification indicates that Plaintiffs now seek to certify a collective action comprised *only of inside sales employees in the state of New York*. See ECF Doc. 28-1, p. 1 ("Plaintiffs...submit this memorandum…on behalf of all Defendants "inside sales" employees throughout New York anytime between September 12, 2008 and the present (the "Collective Action Period")). It is critical that Plaintiffs' Motion for Conditional Certification be clarified to inform Defendant and the Court of exactly which employees comprise the proposed collective action class.

2. As stated in Defendant's Answer (ECF Doc. 23), ¶ 39, following the settlement of a U.S. Department of Labor investigation addressing overtime compensation under the FLSA, Defendant issued back pay payments for overtime along with WH Forms-58 to 302 employees nationwide – 292 of whom had negotiated their settlement checks as of January 20, 2015 (when Defendant filed its Answer). **When limited to "inside sales" employees in New York, the DOL settlement included only 28 employees -- 23 of whom have negotiated their settlement checks. Named Plaintiff Jakub Denis is among those New York inside sales employees who cashed his settlement check.** Thus, assuming that Plaintiffs now seek to certify a collective action class of "inside sales" employees in the state of New York, **there only would be five (5) such employees potentially entitled to relief.**

3. Plaintiffs' attempt to conditionally certify a collective action dating back to 2008 is contrary to law. The applicable statute of limitations for recovery of back pay under the FLSA is two years, and three years in the case of willful violations. 29 U.S.C. § 255(a). Indeed, following its investigation, the DOL calculated and issued settlement payments to every employee whom it determined was entitled to back pay in accordance with the *two-year* statutory period. Plaintiffs brought this putative collection action for FLSA relief on September 12, 2014, such that any claims prior to September 12, 2012 are barred.

4. Despite repeated discussions with Plaintiffs' counsel as to the preclusive effect of the DOL settlement, Plaintiffs ignore its significance and fail to reference it in their Motion for Conditional Certification or the accompanying proposed Notice of Pendency (ECF Doc. No. 28-10). Of the 302 employees nationwide who were subject to the DOL settlement, nearly 150 cashed their settlement checks and returned their signed WH-58 forms, which contained a clear statement of the employees' waiver of rights to bring suit for unpaid overtime compensation for the period of time indicated. Of the 23 "inside sales" employees in New York who cashed their settlement checks, 12 signed and returned their WH-58 forms. There can be no question that these employees have waived their rights under the FLSA and are not within the scope of Plaintiffs' collective action. *See Callari v. Blackman Plumbing Supply, Inc.,* 988 F. Supp.2d 261, 289-90 (E.D.N.Y. 2014); *Niland v. Delta Recycling Corp.*, 377 F.3d 1244 (11th Cir. 2004). The remaining employees who cashed their settlement checks but did not return their signed WH-58 forms also waived their rights under the FLSA. Courts have consistently held that where, as here, the settlement check was accompanied by a WH-58 form (or language approved by the DOL), the act of cashing the check serves as an effective waiver. *See Heavenridge v. Ace-Tex Corp.*, No. 92-75610, 1993 WL 603201, at *3 (E.D. Mich. Sept. 3, 1993) (noting that the settlement was predicated on "acceptance of back wages" and as such Plaintiff cashed the check with the understanding that in so doing he was agreeing to the settlement terms); *See also Kaiser*

*v. At The Beach, Inc.*, No. 08-CV-586-TCK-FHM, 2010 WL 5114729, at *10 (N.D. Okla. Dec. 9, 2010); *Bullington v. Fayette County School District*, No. A00A1615, 2000 WL 1568726 at *3 (Ga. Ct. App. Oct. 23, 2000); *Setz v. Investools, Inc.*, 2010 WL 1451347, at *4-5 (D. Utah 2010).

These authorities turn Plaintiffs' Motion for Conditional Certification on its head. In their affidavits in support of the Motion for Conditional Certification, Plaintiffs reference five (5) other "inside sales" employees whom Plaintiffs, allege were not properly compensated. *See*, e.g. Affidavit of Edward Krumholz, ECF Doc. No. 28-5, paragraph 11. Of these five (5) employees, however, two (2) cashed their DOL settlement checks and signed their WH-58 forms, and two (2) cashed their checks without returning the accompanying WH-58 forms. *Only one (1)* of the employees referenced neither signed a WH-58 nor cashed a settlement check. There is no question that the DOL settlement limits the collective action class dramatically – whether that class is nationwide or limited to New York, as Plaintiffs now apparently acknowledge.

On a related issue, Plaintiffs have advised Defendant (as well as this Court) of their intention to file an Amended Complaint, and Defendant has informed Plaintiffs that it will not oppose that filing and respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15, once the Amended Complaint is filed. Plaintiffs' filing of the Amended Complaint will render moot their pending Motion to Strike Defendants' Affirmative Defenses under Fed. R. Civ. P. 12(f) (ECF Doc. No. 25). It bears pointing out, however, that many of the affirmative defenses that Plaintiffs seek to strike assert the preclusive effect of the DOL settlement, including the waiver of claims by putative collective action employees who have negotiated their settlement checks (and in many cases returned signed Forms WH-58). *See*, e.g., Plaintiffs' Memorandum in Support of Motion to Strike (ECF Doc. 25-1), at p. 10 (seeking dismissal of affirmative defenses for estoppel and waiver); and p. 11 (seeking dismissal of affirmative defenses invoking the DOL settlement). Plaintiffs again fail to acknowledge the extent to which the DOL settlement limits their claims – instead generating a barrage of filings seemingly intended to consume resources and drive up the cost of litigation. Plaintiffs also argue the incorrect standard to their Motion to Strike, maintaining that the applicable pleading standard for affirmative defenses is governed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As recently stated in *Sibley v. Choice Hotels, Int'l*, 2015 WL 149913, *56 (E.D.N.Y. Jan 7, 2015), "[t]he far majority of district Courts in this Circuit have held that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses." As the pleading of affirmative defenses is governed by Rule 8(c), "a defendant must only 'affirmative state' an affirmative defense…and need not meet the *Twombly/Iqbal* plausibility standard." *Id.*

By this letter and request for an expedited conference, Defendant seeks to clarify the scope of Plaintiffs' Motion for Conditional Certification. Once clarified, Defendant is fully prepared to brief the impact of the DOL settlement and respond to the Motion for Conditional Certification consistent with a briefing schedule set at that time. Beyond Defendant's response, clarification of this issue, along with a discussion of the effect of the DOL settlement on this litigation, may narrow the case substantially; conserve time and resources in connection with other issues going forward (such as any renewed Motion to Strike and discovery matters); and assist in an early resolution of the case.

Thank you for Your Honor's consideration of this request.

The Honorable A. Kathleen Tomlinson
February 18, 2015
Page 4 of 4

                              Respectfully submitted,

                              **OGLETREE, DEAKINS, NASH,**
                                **SMOAK & STEWART, P.C.**

                              s/ Brian J. Gershengorn
                                   Brian J. Gershengorn

cc:  Saul D. Zabell, Esq.